125.

Pursuant to State law, only NORBP, through its Board, has the authority to make personnel decisions. *See* La. Rev. Stat. § 33:4702(B)(4)(b); La. Rev. Stat. § 33:4703(C)(18); La. Rev. Stat. § 33:4702(D).

126.

Nevertheless, NORBP voted in its illegal August 11, 2015 Executive Session, and then "ratified" -- in an open meeting after being told such action was illegal -- Burbank's authority to suspend and/or constructively terminate Fultz. *See* August 11, 2015 Meeting Minutes, attached as Exhibit 14.

127.

NORBP's actions in allocating authority to Burbank alone to make personnel decisions violates State law. *See* La. Rev. Stat. § 33:4702(B)(4)(b); La. Rev. Stat. § 33:4703(C)(18); La. Rev. Stat. § 33:4702(D).

## PRAYER FOR RELIEF

Fultz respectfully requests that this Court grant her relief as follows:

1. Declare that defendants violated any or all of the following:

    a. La. Rev. Stat. § 23:967;

    b. La. Rev. Stat. §23:513 et. seq.;

    c. La. Rev. Stat. § 42:1169;

    d. La. Rev. Stat. § 33:4702(B)(D) and (D);

    e. La. Rev. Stat. § 33:4702(2)(D);

    f. La. Rev. Stat. § 42:14, 17, 19;

g. La. Rev. Stat. § 33:4703(C)(18);

h. 29 U.S.C. § 206(a);

i. 29 U.S.C. § 207(a);

j. 42 U.S.C. § 1983;

k. Fifth and Fourteenth Amendments of the United States Constitution;

l. Louisiana Constitution, Art. I § 2.

2. Declare that the New Orleans Regional Business Park Board of Commissioners violated Fultz's rights to due process under the Federal and Louisiana Constitutions.

3. Declare that the New Orleans Regional Business Park Board of Commissioners violated the Louisiana Open Meetings Law by:

   a. Discussing Fultz's character and competence in an Executive Session;

   b. Meeting via email communication without proper notice;

   c. Meeting in person without proper notice;

   d. Voting in Executive Session.

4. Enjoin the New Orleans Regional Business Park Board of Commissioners from continuing to violate the Open Meetings Laws.

3. Award Fultz the following:

   a. Her unpaid minimum wages pursuant to 29 U.S.C. § 216(b) in an amount to be proven at trial;

   b. Her unpaid overtime premiums pursuant to 29 U.S.C. § 216(b) in an amount to be proven at trial;

   c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Damages to compensate for her wages lost due to her wrongful and illegal termination;

e. General damages;

f. Prejudgment interest;

g. Complainant's reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988, and other applicable law, including but not limited to 29 U.S.C. § 216(b);

h. Treble damages pursuant to La. Rev. Stat. 26:968, including treble attorneys' fees as provided for in La. Rev. Stat. 26:967(C)(2);

i. Reasonable attorneys' fees and costs pursuant to La. Rev. Stat. § 42:26;

i. Any other relief this court deems necessary and proper.

Respectfully submitted,

_s://Julie Quinn_
JULIE U. QUINN (#21923)
JUSTIN ALSTERBERG (#31015)
JAMES V. KING III (#36106)
Quinn Alsterberg LLC
855 Baronne Street
New Orleans, LA  70113
Telephone: (504) 522-5607
Fax: (504) 561-6775
*Counsel for Ayanna Fultz*

_s:// Scott Sternberg_
SCOTT L. STERNBERG (#33390)
Baldwin Haspel Burke & Mayer, LLC
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569-2900
Fax: (504) 569-2099
*Counsel for Ayanna Fultz*
