UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AYANNA CHANEL FULTZ                                    CIVIL ACTION

VERSUS                                                NO: 16-2854

NEW ORLEANS REGIONAL                                  SECTION: "A" (5)
BUSINESS PARK, ET AL.

<u>**ORDER**</u>

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 17)**

filed by defendant K. Lavon Burbank; **Motion to Dismiss (Rec. Doc. 18)** filed by

defendant New Orleans Regional Business Park. Plaintiff Ayanna Chanel Fultz opposes

both motions. The motions, submitted for consideration on August 24, 2016, are before

the Court on the briefs without oral argument.[1]

I.      <u>**Background**</u>

Plaintiff Ayanna Fultz filed this action against New Orleans Regional Business

Park ("the Park") and K. Lavon Burbank, Chairperson of the Park's Board of

Commissioners. Fultz's detailed Complaint describes a host of complaints arising out of

her former employment with the Park, under the de facto supervision of Burbank. In

February 2015, Burbank interviewed Fultz for the open position of the Park's office

manager. (Rec. Doc. 1, Complaint ¶ 10). The Board of Commissioners for the Park

approved Fultz's hire at its February 18, 2015 meeting. (*Id.* ¶ 11). Fultz was hired to

---

[1] Plaintiff has requested oral argument but the Court is not persuaded that argument would be beneficial in light of the issues presented and the thoroughness of the parties' memoranda.

work thirty hours per week at an hourly wage of $18.00. (*Id.*).

On July 27, 2015 Burbank suspended Fultz without pay for seven business days, ostensibly for failure to follow directions. (Rec. Doc. 1-9, Exhibit 6 email dated 7/27/15). Fultz contends that she was constructively terminated and forced to resign. (Complaint ¶ 40).

Fultz filed this action on April 6, 2016, and her Complaint alleges causes of action against the Park and Burbank under ten separate legal theories, the overwhelming majority of which are grounded in state law.[2]  Original jurisdiction in federal court is grounded on 28 U.S.C. § 1331 (federal question). Diversity jurisdiction is not pleaded nor ascertainable given the allegations in the Complaint. Fultz relies on supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) to have this Court adjudicate her numerous state law claims.

Burbank and the Park have each moved to dismiss certain of Fitz's claims against them. Each claim is addressed in turn below.

## II.   <u>Discussion</u>

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232,

---

[2] In her opposition memoranda Fultz clarifies that it was not her intent to allege all ten causes of action against both defendants. Rather, some causes of action pertain to the Park and others pertain to Burbank personally. Burbank is the only member of the Park's Board of Commissioners that has been joined as a defendant.

236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### A.     Federal Claims

### Count I — 42 U.S.C. § 1983

Fultz's § 1983 claim is based on her contention that her termination without a hearing violated state law (La. R.S. § 42:17), which in turn constituted a violation of her federal right to due process of law. (Complaint ¶¶ 53-60). Fultz recognizes that the sin qua non of a federal due process claim is a property interest in her employment and she

contends that § 42:17, which is part of the Louisiana Open Meetings Law, gave her such an interest.

The Due Process Clause of the Fourteenth Amendment requires notice and a hearing before termination from public employment only if such termination would infringe a liberty or property interest. *Johnson v. Southwest Miss. Regional Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)). A public employee has a property interest in her job if she has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment. *Id.* A claim of entitlement is determined by reference to state law and may be created by contract or by statute, either directly or indirectly. *Id.* (citing *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Roth*, 408 U.S. at 577; *Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972)).

Although the employer-employee relationship is a contractual one, generally principles of at-will employment prevail in Louisiana. *See* La. Civ. Code art. 2747; *Quebedeaux v. Dow Chem., Co.*, 820 So. 2d 542, 545 (La. 2002). Aside from the federal and state statutory exceptions, in Louisiana there are no "broad policy considerations creating exceptions to employment at will and affecting relations between employer and employee." *Quebedeaux*, 820 So. 2d at 546 (quoting *Gil v. Metal Serv. Corp.*, 412 So. 2d 706, 708 (La. App. 4th Cir. 1982)).

Section 42:17 is part of Louisiana's "Open Meetings Law," La. R.S. § 42:11, *et seq.* The Legislature enacted this statutory scheme to give effect to Article XII, § 3 of the Louisiana Constitution pertaining to the public's right to observe the deliberations of

public bodies. *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 805 So. 2d 400,409 (La. App. 1st Cir. 2001). The provisions of the chapter are construed broadly to give effect to the public's right to be advised of and aware of the performance of public officials and the deliberations that go into making public policy. La. R.S. § 42:12(A).

Section 42:17 lays out the exceptions to the open meetings requirement. The statute expressly recognizes an exception for discussions regarding the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours in advance so that the affected individual can require the discussion to be held at the open meeting. La. R.S. § 42:17(A)(1). Nothing about this provision, either in its actual text or in the broader scheme of which it is a part, suggests that it functions to convert at-will public employment into a protected property interest or otherwise prevents a public body from terminating an employee. No decision reported or otherwise interprets the public meeting law in this manner and this Court is persuaded that such an interpretation would be unreasonable. In the absence of a property right Fultz has no federal due process claim to assert. Even if Fultz's rights under state law were violated, § 1983 can only be used to vindicate federal rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). The § 1983 claim asserted against Burbank individually is dismissed.

The § 1983 claim against the Park is likewise dismissed. Municipal liability (or liability as to a political subdivision) arises when the moving force behind a constitutional violation is a policy or custom attributable to the municipal body. *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citing *Pineda v. City of Houston*, 291

F.3d 325, 328 (5th Cir. 2002)). A municipality is not liable if the governmental actor's individual conduct was not unconstitutional. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Because Fultz did not suffer a constitutional violation in the absence of a property right in her employment, the existence of a policy or custom of the Park that might have been the moving force of a violation is a moot point.

In sum, Fultz fails to state a claim under 42 U.S.C. § 1983. Count I of the Complaint is dismissed.

### *Counts II and III — Fair Labor Standards Act (FLSA)*

Fultz alleges that she was paid $18.00 an hour for 30 hours per week but that she regularly worked in excess of 30 hours, and in fact worked in excess of 40 hours some weeks. (Complaint ¶ 65). Fultz's FLSA claim is two-fold. First, she seeks to be paid her regular hourly wage for hours worked without compensation (Count II). Second, Fultz seeks to be paid $27.00 per hour as an overtime rate for any hours worked in excess of 40 hours per week. (Count III).

The Park's motion to dismiss is directed only at Fitz's Count II straight time wage claim, *i.e.*, claim for hours worked between 30 and 40 hours per week. The Park argues that Fultz's straight time claim does not implicate the FLSA because simple arithmetic demonstrates that any week where Fultz worked more than 30 but less than 40 hours in a week her effective hourly wage would still exceed the mandatory federal minimum wage of $7.25 an hour.

The Park relies on non-binding authority for this proposition but the Court does

agree that the FLSA's express protections pertain to payment for overtime and payment

of the mandatory minimum wage, not payment for uncompensated work. The Court will

grant the Park's motion as to Fultz's unpaid straight wages for weeks when she did not

work over 40 hours. Assuming that a state law claim remains viable, Plaintiff's best

course of action would likely be to move to amend her complaint to assert a state law

unpaid wage claim for those weeks. The motion is denied as to any weeks when Fultz

worked over 40 hours in a workweek but did not receive all of her straight time pay nor

overtime pay. (Rec. Doc, 30, Fultz's Reply at 10).

In sum, as to Fultz's federal claims upon which she bases original federal

question subject matter jurisdiction, the sole remaining claims are her FLSA wage

claims alleged in Count II (straight time for weeks in which Fultz worked more than 40

hours in a week) and Count III (overtime) against the Park.

## B.    State Claims

### Count IV – "Whistleblower" Claims

#### 1.    Claims Against Burbank

Title 23, § 967 provides in relevant part that an **employer** shall not take reprisal

against an employee who in good faith, and after advising the employer of the violation

of law . . . discloses or threatens to disclose a workplace act or practice that is in

violation of state law. La. R.S. § 23:967(A)(1). The threshold legal question presented

by Burbank's motion to dismiss is whether she was Fultz's "employer" for purposes of

asserting a reprisal or "whistleblower" claim under § 23:967.

This statutory scheme does not define the term "employer" so most courts, both

state and federal, borrow the definition provided in Louisiana's Employment Discrimination Law, La. R.S. § 23:301, *et seq. See, e.g., Barrera v. Aulds*, No. 14-1889, 2016 WL 3001126, at *5 (E.D. La. May 25, 2016) (Wilkinson, M.J.) (citing cases); *Ray v. City of Bossier City*, 859 So. 2d 264, 272 (La. App. 1st Cir. 2003). Section 23:302(2) defines an "employer" in relevant part as a person, board, commission, or political subdivision ***receiving services from an employee and in return giving compensation of any kind to an employee.***

It is undisputed that Burbank never provided compensation to Fultz and that Fultz's job duties were performed for and received by the Park, not Burbank personally. Thus, if the definition from the Employment Discrimination Law controls, Fultz cannot state a claim against Burbank personally for a whistleblower claim.

Even though most employment-related causes of action do not provide for a claim against a supervisory individual in her personal capacity, Fultz relies on *Ray, supra*, for the proposition that right of control and supervision are equally important to the "employer" analysis for a whistleblower claim. In *Ray*, two appellate judges held that a local police chief, in addition to the municipality, qualified as the plaintiff's employer under § 23:967 because the police chief clearly had the right of control over the two plaintiffs, including the power to employ or terminate them from the police department.[3] *Ray*, 859 So. 2d at 272-73.

The Court is not persuaded that the result in *Ray*, which only commanded

---

[3] *Ray* was before a five judge appellate panel. Two judges dissented and one concurred.

approval from two of the judges on the panel, represents an appropriate *Erie* determination as to how the Louisiana Supreme Court would decide the "employer" issue *in this case*.[4]  Even assuming that *Ray* is consistent with how the Louisiana Supreme Court would have decided it, unlike the police chief in that case, Burbank did not have sole authority to either suspend or terminate Fultz absent concurrence or ratification by the Board of Commissioners, which is exactly what occurred in this case. Even those commissioners who initially balked at Fultz's suspension and termination ultimately joined in the decision, even if they manifested their assent by deferring to Burbank on the decision to fire Fultz. In fact, many of Fultz's complaints about Burbank's heavy-handedness on the board are based on the fact that Burbank did not have the legal authority to act unilaterally on personnel decisions. Thus, Burbank is not like the police chief in *Ray*.[5]

In sum, Burbank in her personal capacity was not Fultz's employer for purposes of a claim under La. R.S. § 23:967. Count IV of the Complaint is dismissed as to Burbank.

### 2.    Claims Against the Park

The Park was undisputedly Fultz's employer. The threshold legal question

---

[4]  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) (asking for purposes of diversity jurisdiction how the state's highest court would decide an issue of state law).

[5]  Contrary to Fultz's suggestion, this Court's ruling in *Guy v. Boys & Girls Club*, No. 04-2189, 2005 WL 517503 (E.D. La. Feb. 16, 2005), does not stand for the proposition that Burbank in her personal capacity qualifies as an employer under La. R.S. § 23:967. In *Guy*, the defendant provided compensation and benefits in addition to having the power to control and terminate. *Id.* at *4. In *Guy* the Court simply declined to apply the non-profit exclusion from the Employment Discrimination Law to a whistleblower claim.

presented by the Park's motion to dismiss is whether Fultz allegations demonstrate that she disclosed or threatened to disclose a workplace act or practice that violated Louisiana law. Both state and federal courts hold that La. R.S. § 23:967 requires an allegation of serious employer misconduct that actually violates state law. *Goulas v. LaGreca*, 945 F. Supp. 2d 693, 702 (E.D. La. 2013) (citing *Fondren v. Greater New Orleans Expr. Comm'n*, 871 So. 2d 688, 691 (La. App. 5th Cir. 2004)); *Accardo v. La. Health Servs. & Indem. Co.*, 943 So. 2d 381, 384 (La. App. 1st Cir. 2006); *see also Hale v. Touro Infirm.*, 886 So. 2d 1210, 1216 (La. App. 4th Cir. 2004) (requiring that the violation of law in question must be that of a state statute).[6]  An alleged act of impropriety that violates an ethics code but not state law cannot support a claim under § 23:967. *See Puig v. Greater New Orleans Expr. Comm'n*, 772 So. 2d 842 (La. App. 5th Cir. 2000).

The Court focuses its attention on the specific allegations of violations of state law by the Park because the Park was Fultz's employer. Burbank's personal conduct, upon which Fultz relies in large part for her whistleblower claims, is relevant only to the extent that it constitutes misconduct *by the Park*. Fultz alleges that the Park committed several violations of state law.

First, Fultz alleges that the Park violated Open Meetings Law, La. R.S. § 42:1, *et seq.* Fultz's allegations pertain to *inter alia* improprieties surrounding the August 11,

---

[6] These authorities have been cited with approval by the Louisiana Supreme Court. *Encalarde v. New Orleans Cen. for Creative Arts/Riverfront*, 158 So. 3d 826 (La. 2015) (granting defendant's supervisory writ and rendering judgment).

2015 meeting wherein Fultz alleges that her character and the fate of her employment were discussed in a non-public portion of the meeting. (Complaint ¶¶ 88-106). Whether Fultz could ultimately prove that an actual violation occurred, which is a necessary element of a whistleblower cause of action, is beyond the scope of a Rule 12 motion.

But the problem with Fitz's reliance on this specific alleged violation of state law is that she was neither suspended nor terminated for reporting this violation. The essence of a whistleblower claim is reprisal for reporting a violation of law. Even if the Park did in fact violate the Open Meetings Law on August 11, 2015, Fitz's termination is not causally related to her act of disclosing the violation to her employer. Therefore, a violation of the Open Meetings Law cannot serve as a basis for a whistleblower claim in this case.

Second, Fultz alleges several violations involving a Policy and Procedure Manual that Fultz worked on in the spring of 2015. The manual was considered by the Board of Commissioners for the Park at its June 23, 2015 meeting and adopted. (Complaint ¶ 18). Fultz alleges that Burbank, not the Park, unilaterally decided to have a different version filed with the state's legislative auditor. (*Id.* ¶ 19).

Any alleged violation(s) surrounding the Policy and Procedure Manual cannot serve as a basis for a whistleblower claim for several reasons. One glaring problem is that the alleged improprieties surrounding the manual were committed by Burbank individually, who was not Fultz's employer. Another problem is that Fultz has not identified a specific state law that was violated. As explained below, the statutory schemes related to the legislative auditor and the Park itself do not render what

occurred with the manual a violation of state law. Even if Fultz's allegations about the manual are correct, and even if swapping the versions was improper under some ethical standard, that does not arise to the level of a serious violation of state law for purposes of asserting a whistleblower claim. Finally, as with the Open Meetings Violation, Fitz's termination by the Park is not alleged to be causally related to her act of disclosing the violation. The allegations in the Complaint suggest that Fultz only looked at the manual and noticed the discrepancy after she had been suspended. (Complaint ¶ 32).

Finally, Fultz alleges that the Park violated state law by delegating to Burbank the authority to make personnel decisions. This procedure, if in actual violation of any aspect of Title 33 pertaining to the powers and duties of the Park, does not constitute a serious violation of state law. But even if it did, Fultz's termination was not causally related to making a disclosure about delegation of authority.

In sum, Count IV of the Complaint pertaining to the whistleblower claim is dismissed. Further, the Court is not persuaded that Fultz's claims were not brought in good faith. The request for attorney's fees is denied.

### Count V – Open Meetings Law against the Park[7]

Fultz seeks a declaratory judgment, attorney's fees, and costs for the Park's alleged violation of the Open Meetings Law, La. R.S. § 42:1, *et seq.* The Open Meetings Law creates a private right of enforcement in favor of any person denied any right under

---

[7] Fultz clarifies in her opposition that this claim is asserted against the Park and not against Burbank personally. (Rec. Doc. 28, Opposition at 15). In fact, any claim against Burbank individually would be statutorily time-barred. *See* La. R.S. § 42:28.

the chapter. *See* La. R.S. § 42:25(C). Fultz therefore has standing to assert a claim. Further, her factual allegations are sufficient to support a claim. The Park's motion to dismiss is denied as to the Count V, Open Meetings Law claim.

### Count VI – Violation of La. R.S. § 33:4703(C)(2)

La. R.S. § 33:4703(C)(2) is part of the statutory scheme that created the Park, outlined its ambit of authority, and defined its governing Board of Commissioners. Section 33:4703(C)(2) pertains to the powers of the Park with respect to leasing property. Even if Burbank unilaterally altered a board-approved lease in violation of this provision as Fultz alleges, the statutory scheme does not confer a private right of action in favor of anyone. That Fultz seeks only declaratory relief is irrelevant. The federal Declaratory Judgment Act expands only the range of remedies available in federal court – it does not create any new right to seek those remedies. *Harris County Tex. V. MERSCORP*, 791 F.3d 545, 552 (5th Cir. 2015) (citing *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671 (1950)). Because Fultz does not identify a cause of action available under state law for violations of § 33:4703(C)(2), Count VI of her complaint is dismissed.

### Count VII – Violation of La. R.S. § 24:513

Fultz alleges that Burbank violated La. R.S. § 24:513 by submitting a version of a Policy and Procedure Manual to the Louisiana Legislative Auditor that had not been adopted by the Park's Board of Commissioners. Section 24:513 defines the legislative auditor's powers and duties under state law. Fultz identifies in this statutory scheme no private right of action in favor of anyone. That Fultz seeks only declaratory relief is

irrelevant. That Fultz alleges that Burbank's conduct constitutes fraud is likewise irrelevant to the question of whether she has standing to assert a claim. Because Fultz does not identify a cause of action available under state law for violations of § 24:513, Count VII of her complaint is dismissed.

### Count VIII – Violation of La. R.S. § 14:133

Fultz alleges that Burbank violated criminal statute La. R.S. § 14:133, pertaining to filing or maintaining false public records. This criminal statute does not confer a private right of action in favor of anyone. That Fultz seeks only declaratory relief is irrelevant. Because Fultz does not identify a cause of action available under state law for violations of this criminal statute, Count VIII of her complaint is dismissed.

### Counts IX and X – Violations of La. R.S. § 33:4702

Fultz alleges generally that the board exceeded its authority when it ratified Burbank's unilateral suspension/termination of Fultz, and agreed to allow Burbank alone to make personnel decisions. The statutory scheme that created the Park does not confer a private right of action in favor of anyone. That Fultz seeks only declaratory relief is irrelevant. Because Fultz does not identify a cause of action available under state law for violations of § 33:4702, Counts IX and X of her complaint are dismissed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 17)** filed by defendant K. Lavon Burbank is **GRANTED**. The Complaint is dismissed in its entirety as to this defendant;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 18)** filed by

defendant New Orleans Regional Business Park is **GRANTED IN PART AND DENIED IN PART** as explained above.

October 7, 2016

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE